**Fisnik GECAJ, Petitioner,**

v.

**Eric HOLDER, United States Attorney General,[1] Respondent.**

No. 08–0511–ag.

United States Court of Appeals, Second Circuit.

March 25, 2009.

Gregory Marotta, Vernon, N.J., for Petitioner.

Gregory G. Katsas, Assistant Attorney General, John W. Blakeley, Senior Litigation Counsel, Jason Wisecup, Trial Attor-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric Holder is automatically substituted for former Attor-

ney General Michael B. Mukasey as the respondent in this case.

ney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Fisnik Gecaj, a native of the Former Republic of Yugoslavia, seeks review of an April 1, 2008 order of the BIA affirming the March 30, 2006 decision of Immigration Judge ("IJ") George T. Chew denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fisnik Gecaj*, No. A98 694 560 (B.I.A. Apr. 1, 2008), *aff'g* No. A98 694 560 (Immig. Ct. N.Y. City Mar. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, this Court will vacate and re-

mand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

### I. Asylum and Withholding of Removal

Gecaj advanced two independent grounds for asylum relief before the agency: first, a claim based on abuse by Serbian military forces that he suffered during the 1999 war in Kosovo on account of his Albanian ethnicity; and second, a claim for mistreatment by Albanian extremists in 2003 on account of his support for the Democratic League of Kosovo ("LDK").[2]

With regard to the mistreatment Gecaj endured during the 1999 War in Kosovo, the IJ did not err in concluding that country conditions in Kosovo had changed sufficiently following the 1999 war to rebut any presumption of a well—founded fear of future persecution by Serbian military forces. *See* 8 C.F.R. § 208.13(b)(1). The IJ observed that the war had ended and that Kosovo was no longer under the control of Serb forces, but rather under the authority of United Nations forces. *See Islami v. Gonzales*, 412 F.3d 391, 397 (2d Cir.2005) (upholding finding of changed country circumstances in Kosovo where petitioner's fear of future persecution was based on isolated incidents of ethnic violence toward Albanians, and not on attacks by the Serbian military, and where record

**2.** The IJ addressed these bases separately in his decision, finding that changed country conditions rebutted the first claim, and that the second did not rise to the level of past persecution. Gecaj alleges that the IJ failed to consider the evidence of his suffering during the 1999 war, but the record shows that the IJ did not ignore this evidence, but rather properly analyzed it separate from his claim relating to his harassment by Albanian extremists. As the government notes, Gecaj urges this Court to find error in the fact that

the IJ did not consider the two incidents together. However, the IJ properly considered the instances of mistreatment separately as they were perpetrated by different persecutors (Serbian military forces, on one hand, and Albanian extremists, on the other) on account of completely different motives (one on account of ethnicity, the other, political belief). *Cf. Manzur*, 494 F.3d at 289–90 (error to analyze abuses endured seriatim where they each involved the same motivation and persecutors).

evidence showed "that the nationalistic Serb domination of Kosovo has ended"). Nothing compels us to conclude that record evidence was ignored. And the IJ could properly rely on the abatement of strife in Kosovo at the time of Gecaj's proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Therefore, Gecaj's argument that remand is required for reconsideration of all of the background evidence is without merit.

The IJ also found that the mistreatment that Gecaj suffered in 2003 (a group of Albanian extremists slapped his face once, pushed him up against the wall by his throat, and threatened his mother) did not rise to the level of persecution. Gecaj failed to challenge this finding in his opening brief, and has therefore waived any such argument. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Because Gecaj could not establish eligibility for asylum, the IJ's denial of his withholding of removal claim is also proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).[3]

## II. CAT Relief

This Court "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). As the government points out, Gecaj failed to challenge the IJ's denial of his CAT claim in his brief to the BIA. Thus, as a statutory matter, this Court is without jurisdiction to consider any challenge to the denial of CAT relief. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d cir.2006)("failure to make any

argument to the BIA in support of [a claim] or to identify, even by implication, any error in the IJ's ruling on this claim" deprives the Court of jurisdiction to review it).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

3. While Gecaj appears to argue that the agency erred in failing to grant humanitarian asylum, this argument was not presented to the agency. Because the government has properly objected to this argument as unexhausted, we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).